## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NIDEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| SEAGATE TECHNOLOGY LLC, SEAGATE | ) | **JURY TRIAL DEMANDED** |
| SINGAPORE INTERNATIONAL | ) | |
| HEADQUARTERS PTE. LTD., and | ) | |
| SEAGATE TECHNOLOGY | ) | |
| (NETHERLANDS) B.V., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nidec Corporation ("Nidec" or "Plaintiff"), by way of Complaint against

Defendants Seagate Technology LLC, Seagate Singapore International Headquarters Pte. Ltd., and

Seagate Technology (Netherlands) B.V. (together "Defendants"), alleges as follows:

## THE PARTIES

1.      Nidec is a Japanese corporation with its principal place of business at 338

Kuzetonoshiro-cho, Minami-ku, Kyoto, Japan.

2.      On information and belief, Defendant Seagate Technology LLC is a limited liability

company organized and existing under the laws of the State of Delaware with its principal place

of business at 47488 Kato Rd., Fremont, California 94538. On information and belief, Seagate

Technology LLC may be served with process through its registered agent Corporation Trust

Company, 1209 Orange St., Wilmington, DE 19801.

3.      On information and belief, Defendant Seagate Singapore International

Headquarters Pte. Ltd. is a Singapore corporation having a principal place of business at 7000 Ang

{01653380;v1 }

Mo Kio Avenue 5, Singapore 569877. On information and belief, Defendant Seagate Singapore International Headquarters Pte. Ltd. also maintains an address at Koolhovenlaan 1, 1119 NB Schiphol – Rijk, The Netherlands.

4.      On information and belief, Defendant Seagate Technology (Netherlands) B.V. is a Netherlands corporation having a principal place of business at Tupolevlaan 105, 1119 PA Schiphol-Rijk, The Netherlands.

5.      On information and belief, Defendants develop, manufacture, import, offer for sale, and/or sell certain products, including hard disk drives ("HDDs"), for consumers in the United States, including in the State of Delaware.

## JURISDICTION AND VENUE

6.      Nidec realleges and incorporates each of preceding paragraphs 1–5.

7.      This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      On information and belief, Defendant Seagate Technology LLC has purposefully availed itself of the benefits of doing business in the District of Delaware by designing, manufacturing, distributing, promoting, marketing, selling, offering for sale, and/or importing one or more of the Seagate-branded products identified in this Complaint and deriving substantial revenue from such activities by placing those products into the stream of commerce with the expectation that they will be purchased by consumers within the District of Delaware. For example, on information and belief, Defendant Seagate Technology LLC has designed, manufactured, distributed, promoted, marketed, sold, offered for sale, and/or imported the Seagate 16TB IronWolf Pro ST16000NE000 and the Seagate 2TB BarraCuda ST2000LM015. The covers

of these products sold in the United States, and on information and belief in this District, identify

Defendant Seagate Technology LLC as the manufacturer:

 

9.      On information and belief, Defendant Seagate Singapore International

Headquarters Pte. Ltd. has purposefully availed itself of the benefits of doing business in the

District of Delaware by designing, manufacturing, distributing, promoting, marketing, selling,

offering for sale, and/or importing one or more of the Seagate-branded products identified in this

Complaint and deriving substantial revenue from such activities by placing those products into the

stream of commerce with the expectation that they will be purchased by consumers within the

District of Delaware. For example, on information and belief, Defendant Seagate Singapore

International Headquarters Pte. Ltd. has designed, manufactured, distributed, promoted, marketed,

sold, offered for sale, and/or imported the Seagate 2TB BarraCuda ST2000LM015. The cover of

this product sold in the United States, and on information and belief in this District, lists Defendant

Seagate Singapore International Headquarters Pte. Ltd. with an address of Koolhovenlaan 1, 1119

NB Schiphol – Rijk, The Netherlands:



10.     On information and belief, Defendant Seagate Technology (Netherlands) B.V. has

purposefully availed itself of the benefits of doing business in the District of Delaware by

designing, manufacturing, distributing, promoting, marketing, selling, offering for sale, and/or

importing one or more of the Seagate-branded products identified in this Complaint and deriving

substantial revenue from such activities by placing those products into the stream of commerce

with the expectation that they will be purchased by consumers within the District of Delaware. For

example, on information and belief, Defendant Seagate Technology (Netherlands) B.V. has

designed, manufactured, distributed, promoted, marketed, sold, offered for sale, and/or imported

the Seagate 16TB IronWolf Pro ST16000NE000. The cover of this product sold in the United

States, and on information and belief in this District, lists Defendant Seagate Technology (Netherlands) B.V. with an address of Tupolevlaan 105, 1119 PA Schiphol – Rijk, The Netherlands.



11.     This Court has specific personal jurisdiction over Defendants at least because, on information and belief, they have worked in concert to establish distribution and sales channels in the United States, including in the District of Delaware, for one or more of the Seagate-branded products identified in this Complaint.

12.     This Court also has general personal jurisdiction over Defendant Seagate Technology LLC because Defendant Seagate Technology LLC is a Delaware LLC, and thus resides in this district.

13.     Venue is proper against Defendant Seagate Technology LLC in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant Seagate Technology LLC is a Delaware LLC, and thus resides in this district.

14.     Venue is proper against Defendants Seagate Technology (Netherlands) B.V. and Singapore International Headquarters Pte. Ltd. pursuant to 28 U.S.C. § 1391(c)(3) because venue is deemed proper in any district against a foreign corporation.

15.     The Defendants are properly joined because, on information and belief, they have acted in concert with each other to develop, manufacture, import, market, promote, distribute, sell, and/or offer for sale one or more Seagate-branded products identified in this Complaint in this district and throughout the United States, such that the relief requested in this action arises out of the same transaction, occurrence, or series of transactions and will require resolution of common questions of law and/or fact.

## **BACKGROUND**

16.     Nidec realleges and incorporates each of preceding paragraphs 1–15.

17.     Nidec was founded in 1973 and has recently been named as one of the most innovative companies in the world.[1] Nidec develops, manufactures, and sells a variety of products used in commercial and industrial applications, machinery, electronic devices, and automotive products, with annual revenues exceeding $14 billion. Nidec makes and sells all varieties of electric motors and is the number one global producer of brushless DC motors.

18.     Hard disk drives, or HDDs, are data storage devices that store large amounts of data either magnetically or optically on encoded disks. HDDs rely on a small precision motor called a spindle motor that rotates these disks at thousands of revolutions per minute, allowing a read-write

---

[1] https://www.forbes.com/companies/nidec/?sh=5c9cae85ed2b.

head to move over the disk and read or write data. HDDs are important components of data center servers and PCs.

19.     Nidec is one of the major suppliers of HDD spindle motors in the world and consistently provides leading edge innovation. In 1979, Nidec became the first company in the world to successfully commercialize a direct drive spindle motor for HDDs using a brushless DC motor. This innovation was one of the driving forces allowing computers to reduce in size. In the 1990s, Nidec pioneered the use of fluid dynamic bearings in spindle motors, leading to dramatically improved performance in the spindle motor over prior spindle motors that relied on ball bearings. Nidec was the first company to launch mass production of HDD spindle motors that use fluid dynamic bearings in 1994. Today, Nidec remains the leading producer of HDD spindle motors worldwide, with a global market share exceeding 80%.

20.     Nidec has continued to innovate in the area of HDD spindle motors. The U.S. Patent and Trademark Office reviewed these technological advances and awarded Nidec numerous patents, including but not limited to U.S. Patent No. 8,737,017 ("'017 patent"), U.S. Patent No. 9,742,239 ("'239 patent"), U.S. Patent No. 9,935,528 ("'528 patent"), U.S. Patent No. 10,407,775 ("'775 patent"), and U.S. Patent No. 10,460,767 ("'767 patent"), as described below.

21.     Defendants have knowledge of each of the '017, '239, '528, '775, and '767 patents at least as of the service of this Complaint.

## NATURE OF THE ACTION

22.     Nidec realleges and incorporates each of preceding paragraphs 1–21.

23.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants for infringement of the '017, '239, '528,

'775, and '767 patents. This action relates to Seagate HDD products designed, manufactured, imported, marketed, distributed, promoted, sold, and/or offered for sale by Defendants.

24.     On information and belief, and as discussed in greater detail below, Defendants directly infringe one or more claims of the '017 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing Seagate HDD products ("'017 Accused Products"). The '017 Accused Products include but are not limited to Defendants' BarraCuda HDDs, including the Seagate 2TB BarraCuda ST2000LM015 with a spindle motor from MinebeaMitsumi Inc., and all reasonably similar Seagate HDD products.

25.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '017 patent by inducing their customers to directly infringe one or more claims of the '017 patent, including at least claim 1. With knowledge (at least based on this Complaint) that their customers directly infringe the '017 patent when using the '017 Accused Products as intended, and by intentionally encouraging such use, Defendants are liable for induced infringement under 35 U.S.C. § 271(b).

26.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '017 patent by contributing to the direct infringement of one or more claims of the '017 patent, including at least claim 1, by their customers. On information and belief, Defendants know (at least based on this Complaint) that the '017 Accused Products are especially made or adapted for use by their customers in a manner that directly infringes the '017 patent under 35 U.S.C. § 271(a). Because the '017 Accused Products also are not staple articles of commerce and are not suitable for substantial noninfringing uses, Defendants are liable for contributory infringement under 35 U.S.C. § 271(c).

27.     On information and belief, and as discussed in greater detail below, Defendants directly infringe one or more claims of the '239 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing Seagate HDD products ("'239 Accused Products"). The '239 Accused Products include but are not limited to Defendants' IronWolf Pro HDDs, including the Seagate 16TB IronWolf Pro ST16000NE000 with a spindle motor from MinebeaMitsumi Inc., and all reasonably similar Seagate HDD products.

28.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '239 patent by inducing their customers to directly infringe one or more claims of the '239 patent, including at least claim 1. With knowledge (at least based on this Complaint) that their customers directly infringe the '239 patent when using the '239 Accused Products as intended, and by intentionally encouraging such use, Defendants are liable for induced infringement under 35 U.S.C. § 271(b).

29.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '239 patent by contributing to the direct infringement of one or more claims of the '239 patent, including at least claim 1, by their customers. On information and belief, Defendants know (at least based on this Complaint) that the '239 Accused Products are especially made or adapted for use by their customers in a manner that directly infringes the '239 patent under 35 U.S.C. § 271(a). Because the '239 Accused Products also are not staple articles of commerce and are not suitable for substantial noninfringing uses, Defendants are liable for contributory infringement under 35 U.S.C. § 271(c).

30.     On information and belief, and as discussed in greater detail below, Defendants directly infringe one or more claims of the '528 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing Seagate HDD products ("'528 Accused

Products"). The '528 Accused Products include but are not limited to Defendants' IronWolf Pro HDDs, including the Seagate 16TB IronWolf Pro ST16000NE000 with a spindle motor from MinebeaMitsumi Inc., and all reasonably similar Seagate HDD products.

31.    On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '528 patent by inducing their customers to directly infringe one or more claims of the '528 patent, including at least claim 1. With knowledge (at least based on this Complaint) that their customers directly infringe the '528 patent when using the '528 Accused Products as intended, and by intentionally encouraging such use, Defendants are liable for induced infringement under 35 U.S.C. § 271(b).

32.    On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '528 patent by contributing to the direct infringement of one or more claims of the '528 patent, including at least claim 1, by their customers. On information and belief, Defendants know (at least based on this Complaint) that the '528 Accused Products are especially made or adapted for use by their customers in a manner that directly infringes the '528 patent under 35 U.S.C. § 271(a). Because the '528 Accused Products also are not staple articles of commerce and are not suitable for substantial noninfringing uses, Defendants are liable for contributory infringement under 35 U.S.C. § 271(c).

33.    On information and belief, and as discussed in greater detail below, Defendants directly infringe one or more claims of the '775 patent, including at least claim 9, by making, using, selling, offering for sale, and/or importing Seagate HDD products ("'775 Accused Products"). The '775 Accused Products include but are not limited to Defendants' IronWolf Pro HDDs, including the Seagate 16TB IronWolf Pro ST16000NE000 with a spindle motor from MinebeaMitsumi Inc., and all reasonably similar Seagate HDD products.

34.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '775 patent by inducing their customers to directly infringe one or more claims of the '775 patent, including at least claim 9. With knowledge (at least based on this Complaint) that their customers directly infringe the '775 patent when using the '775 Accused Products as intended, and by intentionally encouraging such use, Defendants are liable for induced infringement under 35 U.S.C. § 271(b).

35.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '775 patent by contributing to the direct infringement of one or more claims of the '775 patent, including at least claim 9, by their customers. On information and belief, Defendants know (at least based on this Complaint) that the '775 Accused Products are especially made or adapted for use by their customers in a manner that directly infringes the '775 patent under 35 U.S.C. § 271(a). Because the '775 Accused Products also are not staple articles of commerce and are not suitable for substantial noninfringing uses, Defendants are liable for contributory infringement under 35 U.S.C. § 271(c).

36.     On information and belief, and as discussed in greater detail below, Defendants directly infringe one or more claims of the '767 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing Seagate HDD products ("'767 Accused Products"). The '767 Accused Products include but are not limited to Defendants' IronWolf Pro HDDs, including the Seagate 16TB IronWolf Pro ST16000NE000 with a spindle motor from MinebeaMitsumi Inc., and all reasonably similar Seagate HDD products.

37.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '767 patent by inducing their customers to directly infringe one or more claims of the '767 patent, including at least claim 1. With knowledge (at least based on this

Complaint) that their customers directly infringe the '767 patent when using the '767 Accused Products as intended, and by intentionally encouraging such use, Defendants are liable for induced infringement under 35 U.S.C. § 271(b).

38.     On information and belief, and as discussed in greater detail below, Defendants indirectly infringe the '767 patent by contributing to the direct infringement of one or more claims of the '767 patent, including at least claim 1, by their customers. On information and belief, Defendants know (at least based on this Complaint) that the '767 Accused Products are especially made or adapted for use by their customers in a manner that directly infringes the '767 patent under 35 U.S.C. § 271(a). Because the '767 Accused Products also are not staple articles of commerce and are not suitable for substantial noninfringing uses, Defendants are liable for contributory infringement under 35 U.S.C. § 271(c).

## **PATENTS IN SUIT**

39.     Nidec realleges and incorporates each of preceding paragraphs 1–38.

## **The '017 Patent**

40.     On May 27, 2014, the U.S. Patent and Trademark Office duly and legally issued the '017 patent, titled "Spindle Motor and Disk Drive Apparatus." A true and correct copy of the '017 patent is attached as Exhibit A. The claims of the '017 patent are valid and enforceable. The entire right, title, and interest in the '017 patent is assigned to and owned by Nidec.

41.     The '017 patent is directed to a spindle motor for a disk drive apparatus. The specification explains that there was a need to reduce the thickness of the spindle motor mounted in a disk drive apparatus. The inventors recognized that reducing the thickness of the motor mounted in the disk drive can cause disproportionate reductions in the torque constant Kt of torque

generated between the stator and the rotor magnet. A decrease in the torque constant Kt corresponds to an increase in the time it takes for the motor to reach a rated speed for startup.

42.     The inventors invented, for example, a thin spindle motor for a disk drive apparatus that, for example, generates sufficient torque and shortens the startup time. The thin spindle motor is designed, for example, to increase the torque constant Kt and the motor constant Km in a desired range. The motor constant Km is described as an optimal index that expresses a suitable motor structure in a case where the motor is made thin.

**The '239 Patent**

43.     On August 22, 2017, the U.S. Patent and Trademark Office duly and legally issued the '239 patent, titled "Spindle Motor and Disk Drive Apparatus." A true and correct copy of the '239 patent is attached as Exhibit B. The claims of the '239 patent are valid and enforceable. The entire right, title, and interest in the '239 patent is assigned to and owned by Nidec.

44.     The '239 patent is directed to a spindle motor for a disk drive with a metal base portion comprising a base portion through hole and a lead wire that connects a coil in the spindle motor and a circuit board. The specification explains that, previously, the lead wire from the coil passed through the base portion through hole. The inventors recognized that, if the lead wire is brought into contact with the edge of the base portion through hole, the insulation coating of the lead wire may be damaged, and cause a hard disk drive malfunction. The inventors also recognized that an interior space of a hard disk drive may be filed with a gas and any gap between the lead wire and the base portion through hole may cause gas to enter or exit through the base portion through hole. The inventors invented, for example, designs for a spindle motor that improve, for example, the prevention of damage of an insulation coating of a lead wire and potential gas leak.

**The '528 Patent**

45.     On April 3, 2018, the U.S. Patent and Trademark Office duly and legally issued the '528 patent, titled "Spindle Motor and Disk Drive Apparatus." A true and correct copy of the '528 patent is attached as Exhibit C. The claims of the '528 patent are valid and enforceable. The entire right, title, and interest in the '528 patent is assigned to and owned by Nidec.

46.     The '528 patent is directed to a spindle motor for a disk drive with a base portion comprising a base portion through hole and a lead wire that connects a coil in the spindle motor and a circuit board. The specification explains that, previously, the lead wire from the coil passed through the base portion through hole. The inventors recognized that, if the lead wire is brought into contact with the edge of the base portion through hole, the insulation coating of the lead wire may be damaged, and cause a hard disk drive malfunction. The inventors invented, for example, designs for a spindle motor with an insulation sheet portion that improve, for example, the prevention of damage of an insulation coating of a lead wire.

**The '775 Patent**

47.     On September 10, 2019, the U.S. Patent and Trademark Office duly and legally issued the '775 patent, titled "Base Plate, Hard Disk Drive, and Method of Manufacturing Base Plate." A true and correct copy of the '775 patent is attached as Exhibit D. The claims of the '775 patent are valid and enforceable. The entire right, title, and interest in the '775 patent is assigned to and owned by Nidec.

48.     The '775 patent states that a known technique to reduce windage loss in a disk drive apparatus involves filling an interior space of a disk device with a gas having a density lower than that of air, such as, for example, a helium gas. The '775 patent provides, for example, a base plate, a hard disk drive, and a method of manufacturing the base plate which are able to achieve an

improvement in airtightness of an interior space of a housing using the base plate. It discloses a base plate that is arranged to define a portion of a housing of a hard disk drive. The base plate includes a base body defined by casting, an electrodeposition coating film, and an impregnant. The electrodeposition coating film, which, for example, is arranged to cover a surface of the base body with a relatively higher metal density, helps maintain the airtightness of the interior space of the disk drive. The impregnant can be arranged to cover at least a portion of a worked surface with a relatively lower metal density that is exposed from the electrodeposition coating film. Covering the worked surface in the impregnant seals minute cavities in the worked surface, leading, for example, to improved airtightness of the interior space of the disk drive.

**The '767 Patent**

49.      On October 29, 2019, the U.S. Patent and Trademark Office duly and legally issued the '767 patent, titled "Base Member Including Information Mark and Insulating Coating Layer, and Disk Drive Apparatus Including the Same." A true and correct copy of the '767 patent is attached as Exhibit E. The claims of the '767 patent are valid and enforceable. The entire right, title, and interest in the '767 patent is assigned to and owned by Nidec.

50.      The '767 patent is directed to a disk drive apparatus that includes a base member comprising an information mark and an insulating coating layer. The specification explains that, previously, the base member was manufactured by a die casting process and that there was a need for an improvement to determine whether a casting process has a problem. The inventors invented, for example, a new process to put an information mark on the base member to record various information concerning the casting process used to produce the base member, which can be used to achieve an improvement, for example, in the quality of the base member and an improved product yield.

## COUNT I FOR PATENT INFRINGEMENT
### (Infringement of the '017 Patent)

51.     Nidec realleges and incorporates each of preceding paragraphs 1–50.

52.     On information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States, and continue to do so, Seagate-branded hard drives containing spindle motors, including the '017 Accused Products like the Seagate 2TB BarraCuda ST2000LM015, that practice at least one claim of the '017 patent, including claim 1.

53.     Claim 1 of the '017 patent recites "[a] spindle motor of a disk drive apparatus." The Seagate 2TB BarraCuda ST2000LM015 is a disk drive apparatus that contains a spindle motor. Seagate's product specification shows that the spindle motor in the Seagate 2TB BarraCuda ST2000LM015 rotates at 5,400 revolutions per minute. Ex. F (BarraCuda 2.5 HDD DATA SHEET, available at https://www.seagate.com/www-content/datasheets/pdfs/barracuda-2-5-DS1907-3-2005US-en_US.pdf (last visited Jan. 15, 2021)).

54.     On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor from MinebeaMitsumi Inc.

55.     On information and belief, the cross section of the spindle motor incorporated into the Seagate 2TB BarraCuda ST2000LM015 is illustrated by the following image, which shows a motor having the same general structure.



Ex. G (MinebeaMitsumi, "FDB Motor," available at https://www.minebeamitsumi.com/
english/product/rotary/1197094_6224.html (last visited Jan. 15, 2021)).

56.     Claim 1 of the '017 patent recites "a base unit." On information and belief, the
Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that includes a base unit.



57.     Claim 1 of the '017 patent recites "a stator that includes a stator core and a plurality
of coils mounted to the stator core and is disposed above the base unit." On information and belief,
the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor with a stator that includes
a stator core and a plurality of coils mounted to the stator core. They are disposed above the base
unit.



58.     Claim 1 of the '017 patent recites "a covered cylindrical rotor hub that includes a cover portion positioned above the stator and a side wall portion extending downward from an outer edge of the cover portion." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that includes a covered cylindrical rotor hub. The covered cylindrical rotor hub has a cover portion above the stator and a side wall portion extending downward from an outer edge of the cover portion.



59.     Claim 1 of the '017 patent recites "a rotor magnet that is positioned outside the stator in a radial direction thereof and is fixed to an inner circumferential surface of the side wall portion of the rotor hub." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that has a rotor magnet positioned outside the stator in a radial

direction thereof. The rotor magnet is fixed to an inner circumferential surface of the side wall portion of the rotor hub.



60.    Claim 1 of the '017 patent recites "a bearing mechanism that supports the rotor hub and the rotor magnet to be rotatable with respect to the base unit and the stator." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that has a bearing mechanism that supports the rotor hub and the rotor magnet to be rotatable with respect to the base unit and the stator.



61.     Claim 1 of the '017 patent recites "a height of the stator core in an axial direction is about 50% or more and about 70% or less than a height of the stator." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor where a height of the stator core in an axial direction is about 63% than a height of the stator.

62.     Claim 1 of the '017 patent recites "a torque constant Kt of torque generated between the stator and the rotor magnet is about 4 mN·m/A or more and about 6 mN·m/A or less." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that includes a torque constant Kt of about 5.4 mN·m/A.

63.     Claim 1 of the '017 patent recites "a motor constant Km is about 2 mN·m/(A·$\sqrt{\Omega}$) or more and about 4 mN·m/(A·$\sqrt{\Omega}$) or less." On information and belief, the Seagate 2TB BarraCuda ST2000LM015 incorporates a spindle motor that includes a motor constant Km of about 2.8 mN·m/(A·$\sqrt{\Omega}$).

64.     In violation of 35 U.S.C. § 271(a), Defendants have infringed, and will continue to infringe, one or more claims of the '017 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing into the United States the '017 Accused Products.

65.     Defendants have been on notice of the '017 patent since at least as early as the service of this Complaint. Defendants' continued actions of making, using, selling, offering for sale, and/or importing into the United States any of the '017 Accused Products after service of the Complaint, would be with Defendants' knowledge of the '017 patent, knowledge of infringement of the '017 patent, intent to encourage others (e.g., their U.S. customers) to infringe the '017 patent

through use of the '017 Accused Products, and knowledge that Defendants' encouraging acts actually result in direct infringement of the '017 patent by Defendants' U.S. customers.

66.     On information and belief, in violation of 35 U.S.C. § 271(b), Defendants actively and knowingly (at least as of this Complaint) induce third-party retailers, distributors, integrators, and end-users of the '017 Accused Products to directly infringe one or more claims of the '017 patent, including at least claim 1. Defendants induce infringement, at least by knowingly selling the '017 Accused Products with the intent that its customers directly infringe the '017 patent through sales and use of the '017 Accused Products in the United States. For example, Defendants encourage the use of the Seagate 2TB BarraCuda ST2000LM015 in applications such as laptops, mobile storage, external storage systems, all-in-one PCs, and ultra-slim desktop PCs. *E.g.*, Ex. F (https://www.seagate.com/www-content/datasheets/pdfs/barracuda-2-5-DS1907-3-2005US-en_US.pdf). Such use of the Seagate 2TB BarraCuda ST2000LM015 necessarily infringes at least claim 1 of the '017 patent. As discussed above, Defendants have been on notice of the '017 patent since at least as early as the service of this Complaint, and on information and belief, know that the '017 Accused Products infringe at least claim 1 of the '017 patent at least as early as the service of this Complaint.

67.     On information and belief, in violation of 35 U.S.C. § 271(c), Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '017 patent, including at least claim 1, by selling, offering to sell, and/or importing within or into the United States the '017 Accused Products. These instrumentalities constitute a material part of the invention of the '017 patent, and are known by Defendants (at least as of this Complaint) to be especially made or adapted for use in infringing the '017 patent.

68.     The '017 Accused Products are not staple articles of commerce.

69.      The '017 Accused Products are not suitable for substantial noninfringing uses.

70.      Nidec has been injured by Defendants' infringement of the '017 patent and will suffer irreparable harm unless Defendants are enjoined from infringing the '017 patent, pursuant to 35 U.S.C. § 283.

71.      Nidec has suffered, and is continuing to suffer, damages as a result of Defendants' infringement of the '017 patent, and Nidec is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorney fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II FOR PATENT INFRINGEMENT
### (Infringement of the '239 Patent)

72.      Nidec realleges and incorporates each of preceding paragraphs 1–71.

73.      On information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States, and continue to do so, Seagate-branded hard disk drives containing spindle motors, including the '239 Accused Products like the Seagate 16TB IronWolf Pro ST16000NE000, that practice at least one claim of the '239 patent, including claim 1.

74.      Claim 1 of the '239 patent recites "[a] spindle motor." The Seagate 16TB IronWolf Pro ST16000NE000 is a hard disk drive that contains a spindle motor. Seagate's product specification shows that the spindle motor in the Seagate 16TB IronWolf Pro ST16000NE000 rotates at 7,200 revolutions per minute (RPM). Ex. H (IronWolf Pro 3.5 HDD DATA SHEET, available at https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf (last visited Jan. 15, 2021)).

75.      On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor from MinebeaMitsumi Inc.

76.     On information and belief, the cross section of the spindle motor incorporated into the Seagate 16TB IronWolf Pro ST16000NE000 is illustrated by the following image, which shows a motor having the same general structure.



Ex. G (https://www.minebeamitsumi.com/english/product/rotary/1197094_6224.html).

77.     Claim 1 of the '239 patent recites "a rotor portion including a rotor magnet." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a rotor portion with a rotor magnet.



78.     Claim 1 of the '239 patent recites "a bearing portion configured to support the rotor portion such that the rotor portion is rotatable about a central axis extending in a vertical direction."

On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a bearing portion configured to support the rotor portion. The rotor portion rotates about a central axis extending in a vertical direction.



79.   Claim 1 of the '239 patent recites "a base portion made of a metal, and including an upper surface, a lower surface, and a base portion through hole passing therethrough from the upper surface to the lower surface." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a base portion made of a metal. The base portion has an upper surface, a lower surface, and a base portion through hole passing from the upper surface to the lower surface.





80.     Claim 1 of the '239 patent recites "a stator portion located on the upper surface, and including coils arranged opposite to the rotor magnet with a gap intervening therebetween." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a stator portion on the upper surface. The stator portion has coils arranged opposite to the rotor magnet and has a gap intervening therebetween.



81.     Claim 1 of the '239 patent recites "a circuit board located on the lower surface." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a circuit board located on the lower surface.



82.     Claim 1 of the '239 patent recites "an insulation sheet portion." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has an insulation sheet portion.



83.     Claim 1 of the '239 patent recites "a first sealant." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a first sealant material.



84.     Claim 1 of the '239 patent recites "a second sealant." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a second sealant material.




85.     Claim 1 of the '239 patent recites "the coils include a lead wire drawn out from above the upper surface downwardly from the lower surface through the base portion through hole." On information and belief, the coils in the Seagate 16TB IronWolf Pro ST16000NE000 include a lead wire. The lead wire is drawn out from above the upper surface downwardly from the lower surface through the base portion through hole.





86.     Claim 1 of the '239 patent recites "the circuit board includes a land portion to which the lead wire is connected." On information and belief, the circuit board of the Seagate 16TB IronWolf Pro ST16000NE000 has a land portion. The lead wire is connected to the land portion.



87.     Claim 1 of the '239 patent recites "the insulation sheet portion is provided on the lower surface, and covers at least a portion of the base portion through hole." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 has an insulation sheet portion located on the lower surface. The insulation portion covers at least a portion of the base portion through hole.



88.     Claim 1 of the '239 patent recites "the lead wire contacts the insulation sheet portion." On information and belief, the lead wire in the Seagate 16TB IronWolf Pro ST16000NE000 is in contact with the insulation sheet portion.





89.     Claim 1 of the '239 patent recites "the first sealant is located in the base portion through hole." On information and belief, the base portion through hole of the Seagate 16TB IronWolf Pro ST16000NE000 is filled with a sealant material.



90.     Claim 1 of the '239 patent recites "the second sealant covers at least a portion of the base portion through hole." On information and belief, the base portion through hole of the Seagate 16TB IronWolf Pro ST16000NE000 is covered by the second sealant material.





91.     Claim 1 of the '239 patent recites "the first sealant has a coefficient of linear expansion greater than a coefficient of linear expansion of the base portion and smaller than a coefficient of linear expansion of the second sealant." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor where the linear expansion coefficient of the first sealant is approximately $3\times10^{-5}/°C$, the linear expansion coefficient of the second sealant is approximately $6\times10^{-5}/°C$, and the linear expansion coefficient of the base portion is approximately $2\times10^{-5}/°C$. Accordingly, on information and belief, the linear expansion coefficient of the first sealant is greater than the linear expansion coefficient of the base portion and smaller than the linear expansion coefficient of the base portion.

92.     In violation of 35 U.S.C. § 271(a), Defendants have infringed, and will continue to infringe, one or more claims of the '239 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing into the United States the '239 Accused Products.

93.     Defendants have been on notice of the '239 patent since at least as early as the service of this Complaint. Defendants' continued actions of making, using, selling, offering for sale, and/or importing into the United States any of the '239 Accused Products after service of the Complaint, would be with Defendants' knowledge of the '239 patent, knowledge of infringement of the '239 patent, intent to encourage others (e.g., their U.S. customers) to infringe the '239 patent through use of the '239 Accused Products, and knowledge that Defendants' encouraging acts actually result in direct infringement of the '239 patent by Defendants' U.S. customers.

94.     On information and belief, in violation of 35 U.S.C. § 271(b), Defendants actively and knowingly (at least as of this Complaint) induce third-party retailers, distributors, integrators, and end-users of the '239 Accused Products to directly infringe one or more claims of the '239 patent, including at least claim 1. Defendants induce infringement, at least by knowingly selling the '239 Accused Products with the intent that its customers directly infringe the '239 patent through sales and use of the '239 Accused Products in the United States. For example, Defendants encourage the use of the Seagate 16TB IronWolf Pro ST16000NE000 in business applications such as network-attached storage (NAS) for backup, archiving, and disaster recovery. Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf). Such use of the Seagate 16TB IronWolf Pro ST16000NE000 necessarily infringes at least claim 1 of the '239 patent. As discussed above, Defendants have been on notice of the '239 patent since at least as early as the service of this Complaint, and on information and belief, know that the '239 Accused Products infringe at least claim 1 of the '239 patent at least as early as the service of this Complaint.

95.     On information and belief, in violation of 35 U.S.C. § 271(c), Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more

claims of the '239 patent, including at least claim 1, by selling, offering to sell, and/or importing within or into the United States the '239 Accused Products. These instrumentalities constitute a material part of the invention of the '239 patent, and are known by Defendants (at least as of this Complaint) to be especially made or adapted for use in infringing the '239 patent.

96.     The '239 Accused Products are not staple articles of commerce.

97.     The '239 Accused Products are not suitable for substantial noninfringing uses.

98.     Nidec has been injured by Defendants' infringement of the '239 patent and will suffer irreparable harm unless Defendants are enjoined from infringing the '239 patent, pursuant to 35 U.S.C. § 283.

99.     Nidec has suffered, and is continuing to suffer, damages as a result of Defendants' infringement of the '239 patent, and Nidec is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorney fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III FOR PATENT INFRINGEMENT
### (Infringement of the '528 Patent)

100.    Nidec realleges and incorporates each of preceding paragraphs 1–99.

101.    On information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States, and continue to do so, Seagate-branded hard disk drives, including the '528 Accused Products like the Seagate 16TB IronWolf Pro ST16000NE000, that practice at least one claim of the '528 patent, including claim 1.

102.    Claim 1 of the '528 patent recites "[a] spindle motor." The Seagate 16TB IronWolf Pro ST16000NE000 is a hard disk drive that contains a spindle motor. Seagate's product specification shows that the spindle motor in the Seagate 16TB IronWolf Pro ST16000NE000 rotates at 7,200 revolutions per minute (RPM). Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf).

103.     On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor from MinebeaMitsumi Inc.

104.     On information and belief, the cross section of the spindle motor incorporated into the Seagate 16TB IronWolf Pro ST16000NE000 is illustrated by the following image, which shows a motor having the same general structure.



Ex. G (https://www.minebeamitsumi.com/english/product/rotary/1197094_6224.html).

105.     Claim 1 of the '528 patent recites "a rotor portion including a rotor magnet." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a rotor portion with a rotor magnet.



106.     Claim 1 of the '528 patent recites "a bearing portion configured to support the rotor portion such that the rotor portion is rotatable about a central axis extending in a vertical direction." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a bearing portion configured to support the rotor portion. The rotor portion rotates about a central axis extending in a vertical direction.



107.     Claim 1 of the '528 patent recites "a stator portion including coils located opposite to the rotor magnet." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a stator portion. The stator portion has coils arranged opposite to the rotor magnet.



108.    Claim 1 of the '528 patent recites "a base portion including an upper surface, a lower surface, and a base portion through hole passing therethrough from the upper surface to the lower surface." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has a base portion. The base portion has an upper surface, a lower surface, and a base portion through hole passing from the upper surface to the lower surface.





109.    Claim 1 of the '528 patent recites "a circuit board located on the lower surface of the base portion." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000

incorporates a spindle motor that has a circuit board located on the lower surface of the base portion.



110.    Claim 1 of the '528 patent recites "an insulation sheet portion." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor that has an insulation sheet portion.



111.    Claim 1 of the '528 patent recites "the coils include a lead wire drawn out from above the upper surface downwardly from the lower surface through the base portion through hole." On information and belief, the coils in the Seagate 16TB IronWolf Pro ST16000NE000 include a lead wire. The lead wire is drawn out from above the upper surface downwardly from the lower surface through the base portion through hole.





112.    Claim 1 of the '528 patent recites "the circuit board includes a land portion to which the lead wire is connected." On information and belief, the circuit board of the Seagate 16TB IronWolf Pro ST16000NE000 has a land portion. The lead wire is connected to the land portion.



113.    Claim 1 of the '528 patent recites "the insulation sheet portion covers at least a portion of the base portion through hole." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 has an insulation sheet portion. The insulation portion covers at least a portion of the base portion through hole.



114.    Claim 1 of the '528 patent recites "the lead wire contacts the insulation sheet portion." On information and belief, the lead wire in the Seagate 16TB IronWolf Pro ST16000NE000 is in contact with the insulation sheet portion.





115.    Claim 1 of the '528 patent recites "the insulation sheet portion has a thickness greater than a thickness of the land portion." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 incorporates a spindle motor where the thickness of the insulation sheet portion is approximately 160 μm and the thickness of the land portion is approximately

120 µm. On information and belief, the insulation sheet portion has a thickness greater than a thickness of the land portion.

116.     In violation of 35 U.S.C. § 271(a), Defendants have infringed, and will continue to infringe, one or more claims of the '528 patent, including at least claim 1, by making, using, selling, offering for sale, and/or importing into the United States the '528 Accused Products.

117.     Defendants have been on notice of the '528 patent since at least as early as the service of this Complaint. Defendants' continued actions of making, using, selling, offering for sale, and/or importing into the United States any of the '528 Accused Products after service of the Complaint, would be with Defendants' knowledge of the '528 patent, knowledge of infringement of the '528 patent, intent to encourage others (e.g., their U.S. customers) to infringe the '528 patent through use of the '528 Accused Products, and knowledge that Defendants' encouraging acts actually result in direct infringement of the '528 patent by Defendants' U.S. customers.

118.     On information and belief, in violation of 35 U.S.C. § 271(b), Defendants actively and knowingly (at least as of this Complaint) induce third-party retailers, distributors, integrators, and end-users of the '528 Accused Products to directly infringe one or more claims of the '528 patent, including at least claim 1. Defendants induce infringement, at least by knowingly selling the '528 Accused Products with the intent that its customers directly infringe the '528 patent through sales and use of the '528 Accused Products in the United States. For example, Defendants encourage the use of the Seagate 16TB IronWolf Pro ST16000NE000 in business applications such as network-attached storage (NAS) for backup, archiving, and disaster recovery. Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf). Such use of the Seagate 16TB IronWolf Pro ST16000NE000 necessarily infringes at least claim 1 of the '528 patent. As discussed above, Defendants have been on notice of the '528

patent since at least as early as the service of this Complaint, and on information and belief, know that the '528 Accused Products infringe at least claim 1 of the '528 patent at least as early as the service of this Complaint.

119.     On information and belief, in violation of 35 U.S.C. § 271(c), Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '528 patent, including at least claim 1, by selling, offering to sell, and/or importing within or into the United States the '528 Accused Products. These instrumentalities constitute a material part of the invention of the '528 patent, and are known by Defendants (at least as of this Complaint) to be especially made or adapted for use in infringing the '528 patent.

120.     The '528 Accused Products are not staple articles of commerce.

121.     The '528 Accused Products are not suitable for substantial noninfringing uses.

122.     Nidec has been injured by Defendants' infringement of the '528 patent and will suffer irreparable harm unless Defendants are enjoined from infringing the '528 patent, pursuant to 35 U.S.C. § 283.

123.     Nidec has suffered, and is continuing to suffer, damages as a result of Defendants' infringement of the '528 patent, and Nidec is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorney fees, pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT IV FOR PATENT INFRINGEMENT
### (Infringement of the '775 Patent)

124.     Nidec realleges and incorporates each of preceding paragraphs 1–123.

125.     On information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States, and continue to do so, Seagate-branded hard disk drives, including the '775 Accused Products like the Seagate 16TB IronWolf Pro ST16000NE000, that practice at least one claim of the '775 patent, including claim 9.

126.    Claim 9 of the '775 patent recites "[a] base plate arranged to define a portion of a housing of a hard disk drive." The Seagate 16TB IronWolf Pro ST16000NE000 includes a base plate arranged to define a portion of a housing of a hard disk drive.



127.    Claim 9 of the '775 patent recites "the base plate comprising: a base body defined by casting." On information and belief, the base plate of the Seagate 16TB IronWolf Pro ST16000NE000 has a base body defined by casting. On information and belief, the base body is made by a casting process.



128.    Claim 9 of the '775 patent recites "an electrodeposition coating film arranged to cover a surface of the base body." On information and belief, a surface of the base body of the Seagate 16TB IronWolf Pro ST16000NE000 is covered by an electrodeposition coating film.



**Electrodeposition Coating Film**

129.    Claim 9 of the '775 patent recites "an impregnant." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 includes an impregnant. For example, on information and belief, at least a portion of a surface of the base body of the Seagate 16TB IronWolf Pro ST16000NE000 that is exposed from the electrodeposition coating film includes material indicative of an impregnant made by resin.

130.    Claim 9 of the '775 patent recites "the surface of the base body includes: a coated surface covered with the electrodeposition coating film; and a flat worked surface exposed from the electrodeposition coating film." On information and belief, the surface of the based body of the Seagate 16TB IronWolf Pro ST16000NE000 has a coated surface covered with the

electrodeposition coating film and a flat worked surface exposed from the electrodeposition coating film.



131. Claim 9 of the '775 patent recites "the impregnant is arranged to cover at least a portion of the worked surface." On information and belief, the impregnant is arranged on the Seagate 16TB IronWolf Pro ST16000NE000 to cover at least a portion of the worked surface. For example, on information and belief, at least a portion of the worked surface of the base body of the Seagate 16TB IronWolf Pro ST16000NE000 includes material indicative of an impregnant made by resin.

132. Claim 9 of the '775 patent recites "the base body includes: a rectangular bottom plate portion; and a wall portion arranged to extend from an edge portion of the bottom plate portion perpendicularly to the bottom plate portion." On information and belief, the base body of the Seagate 16TB IronWolf Pro ST16000NE000 has a rectangular bottom plate portion. A wall

portion extends from an edge portion of the bottom plate portion perpendicularly to the bottom plate portion.



**Rectangular Bottom Plate Portion**

**Wall Portion**

**Edge Portion**

133.    Claim 9 of the '775 patent recites "the worked surface is defined in an outside surface of the wall portion." On information and belief, the worked surface of the Seagate 16TB IronWolf Pro ST16000NE000 is defined in an outside surface of the wall portion.



**Outside Surface of Wall Portion**

**Worked Surface**

134.    Claim 9 of the '775 patent recites "the edge portion of the bottom plate portion is rectangular, and has long sides and short sides." On information and belief, the edge portion of the

bottom plate portion of the Seagate 16TB IronWolf Pro ST16000NE000 is rectangular with long sides and short sides.



135.    Claim 9 of the '775 patent recites "the wall portion includes: long-side wall portions each of which is arranged to extend from a separate one of the long sides; and short-side wall portions each of which is arranged to extend from a separate one of the short sides." On information and belief, the wall portion of the Seagate 16TB IronWolf Pro ST16000NE000 has long-side wall portions and short-side wall portions. The long-side wall portions extend from each long side. The short-side wall portions extend from each short side.



136.    Claim 9 of the '775 patent recites "the worked surface is defined in an outside surface of one of the short-side wall portions." On information and belief, the worked surface of the Seagate 16TB IronWolf Pro ST16000NE000 is defined in an outside surface of one of the short-side wall portions.



137.    In violation of 35 U.S.C. §§ 271(a) and/or 271(g), Defendants have infringed, and will continue to infringe, one or more claims of the '775 patent, including at least claim 9, by making, using, selling, offering for sale, and/or importing into the United States the '775 Accused Products.

138.    Defendants have been on notice of the '775 patent since at least as early as the service of this Complaint. Defendants' continued actions of making, using, selling, offering for sale, and/or importing into the United States any of the '775 Accused Products after service of the Complaint, would be with Defendants' knowledge of the '775 patent, knowledge of infringement of the '775 patent, intent to encourage others (e.g., their U.S. customers) to infringe the '775 patent

through use of the '775 Accused Products, and knowledge that Defendants' encouraging acts actually result in direct infringement of the '775 patent by Defendants' U.S. customers.

139. On information and belief, in violation of 35 U.S.C. § 271(b), Defendants actively and knowingly (at least as of this Complaint) induce third-party retailers, distributors, integrators, and end-users of the '775 Accused Products to directly infringe one or more claims of the '775 patent, including at least claim 9. Defendants induce infringement, at least by knowingly selling the '775 Accused Products with the intent that its customers directly infringe the '775 patent through sales and use of the '775 Accused Products in the United States. For example, Defendants encourage the use of the Seagate 16TB IronWolf Pro ST16000NE000 in business applications such as network-attached storage (NAS) for backup, archiving, and disaster recovery. Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf). Such use of the Seagate 16TB IronWolf Pro ST16000NE000 necessarily infringes at least claim 9 of the '775 patent. As discussed above, Defendants have been on notice of the '775 patent since at least as early as the service of this Complaint, and on information and belief, know that the '775 Accused Products infringe at least claim 9 of the '775 patent at least as early as the service of this Complaint.

140. On information and belief, in violation of 35 U.S.C. § 271(c), Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '775 patent, including at least claim 9, by selling, offering to sell, and/or importing within or into the United States the '775 Accused Products. These instrumentalities constitute a material part of the invention of the '775 patent, and are known by Defendants (at least as of this Complaint) to be especially made or adapted for use in infringing the '775 patent.

141. The '775 Accused Products are not staple articles of commerce.

142.     The '775 Accused Products are not suitable for substantial noninfringing uses.

143.     On information and belief, in violation of 35 U.S.C. § 271(g), Defendants have without authority imported into the United States or offered to sell, sold, and/or used within the United States the '775 Accused Products, including the Seagate 16TB IronWolf Pro ST16000NE000, which are made by a process claimed in the '775 patent, including at least claim 10. On information and belief, the '775 Accused Products are not materially changed by subsequent processes. On information and belief, the product produced by the claimed method of manufacturing does not become a trivial, nonessential component of the '775 Accused Products. For example, as explained above, the method of manufacturing improves airtightness of an interior space of a housing using the base plate, which improves performance of the '775 Accused Products.

144.     Nidec has been injured by Defendants' infringement of the '775 patent and will suffer irreparable harm unless Defendants are enjoined from infringing the '775 patent, pursuant to 35 U.S.C. § 283.

145.     Nidec has suffered, and is continuing to suffer, damages as a result of Defendants' infringement of the '775 patent, and Nidec is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorney fees, pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT V FOR PATENT INFRINGEMENT
#### (Infringement of the '767 Patent)

146.     Nidec realleges and incorporates each of preceding paragraphs 1–145.

147.     On information and belief, Defendants have made, used, sold, offered for sale, and/or imported into the United States, and continue to do so, Seagate-branded hard disk drives, including the '767 Accused Products like the Seagate 16TB IronWolf Pro ST16000NE000, that practice at least one claim of the '767 patent, including claim 1.

148.     Claim 1 of the '767 patent recites "[a] base member structured to define a portion of a casing in which a gas with a density lower than that of air is to be sealed and to support a motor to be housed in the casing." On information and belief, the Seagate 16TB IronWolf Pro ST16000NE000 includes a base member. The base member defines a portion of a casing and supports a motor in the casing.





149.     On information and belief, helium gas is sealed in the casing of the Seagate 16TB IronWolf Pro ST16000NE000. Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf). Helium gas has a density lower than that of air.

150.    Claim 1 of the '767 patent recites "the base member comprising: a base body made of a cast material." On information and belief, the base member of the Seagate 16TB IronWolf Pro ST16000NE000 includes a base body made of a cast material. On information and belief, the base body is made by a casting process.



151.    Claim 1 of the '767 patent recites "an information mark including casting information and located on a portion of a surface of the base body." On information and belief, a portion of the surface of the base body of the Seagate 16TB IronWolf Pro ST16000NE000 has an information mark with casting information.



152.    Claim 1 of the '767 patent recites "an insulating coating layer defined on the surface of the base body; wherein the insulating coating layer covers the information mark." On

information and belief, the base body of Seagate 16TB IronWolf Pro ST16000NE000 has an insulating coating layer defined on its surface that covers the information mark.



153.    Claim 1 of the '767 patent recites "the base body includes: a decreased thickness portion; and an increased thickness portion with a thickness greater than that of the decreased thickness portion." On information and belief, the base body of Seagate 16TB IronWolf Pro ST16000NE000 has a decreased thickness portion and an increased thickness portion. On information and belief, the thickness of the increased thickness portion is greater than that of the decreased thickness portion.




154.     Claim 1 of the '767 patent recites "the information mark is located on a surface of

the increased thickness portion within the surface of the base body." On information and belief,

the information mark on the Seagate 16TB IronWolf Pro ST16000NE000 is on a surface of the

increased thickness portion within the surface of the base body.



155.     In violation of 35 U.S.C. § 271(a), Defendants have infringed, and will continue to

infringe, one or more claims of the '767 patent, including at least claim 1, by making, using,

selling, offering for sale, and/or importing into the United States the '767 Accused Products.

156.     Defendants have been on notice of the '767 patent since at least as early as the

service of this Complaint. Defendants' continued actions of making, using, selling, offering for

sale, and/or importing into the United States any of the '767 Accused Products after service of the

Complaint, would be with Defendants' knowledge of the '767 patent, knowledge of infringement

of the '767 patent, intent to encourage others (e.g., their U.S. customers) to infringe the '767 patent

through use of the '767 Accused Products, and knowledge that Defendants' encouraging acts actually result in direct infringement of the '767 patent by Defendants' U.S. customers.

157.    On information and belief, in violation of 35 U.S.C. § 271(b), Defendants actively and knowingly (at least as of this Complaint) induce third-party retailers, distributors, integrators, and end-users of the '767 Accused Products to directly infringe one or more claims of the '767 patent, including at least claim 1. Defendants induce infringement, at least by knowingly selling the '767 Accused Products with the intent that its customers directly infringe the '767 patent through sales and use of the '767 Accused Products in the United States. For example, Defendants encourage the use of the Seagate 16TB IronWolf Pro ST16000NE000 in business applications such as network-attached storage (NAS) for backup, archiving, and disaster recovery. *E.g.*, Ex. H (https://www.seagate.com/www-content/datasheets/pdfs/ironwolf-pro-18tb-DS1914-16-2011US-en_US.pdf). Such use of the Seagate 16TB IronWolf Pro ST16000NE000 necessarily infringes at least claim 1 of the '767 patent. As discussed above, Defendants have been on notice of the '767 patent since at least as early as the service of this Complaint, and on information and belief, know that the '767 Accused Products infringe at least claim 1 of the '767 patent at least as early as the service of this Complaint.

158.    On information and belief, in violation of 35 U.S.C. § 271(c), Defendants have contributed to the infringement of, and continue to contribute to the infringement of, one or more claims of the '767 patent, including at least claim 1, by selling, offering to sell, and/or importing within or into the United States the '767 Accused Products. These instrumentalities constitute a material part of the invention of the '767 patent, and are known by Defendants (at least as of this Complaint) to be especially made or adapted for use in infringing the '767 patent.

159.    The '767 Accused Products are not staple articles of commerce.

160.     The '767 Accused Products are not suitable for substantial noninfringing uses.

161.     Nidec has been injured by Defendants' infringement of the '767 patent and will suffer irreparable harm unless Defendants are enjoined from infringing the '767 patent, pursuant to 35 U.S.C. § 283.

162.     Nidec has suffered, and is continuing to suffer, damages as a result of Defendants' infringement of the '767 patent, and Nidec is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorney fees, pursuant to 35 U.S.C. §§ 284 and 285.

## DEMAND FOR JURY TRIAL

163.     Nidec respectfully requests a jury trial on all issues and matters triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE,** Nidec respectfully requests that the Court enter judgment in Nidec's favor and against each of Defendants on the patent infringement claims set forth above and respectfully requests that this Court:

1.     Enter a judgment in favor of Nidec that Defendants have infringed, individually and together, and directly and indirectly, at least claim 1 of the '017 patent, claim 1 of the '239 patent, claim 1 of the '528 patent, claim 9 of the '775 patent, and claim 1 of the '767 patent;

2.     Permanently enjoin Defendants, individually and together, and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from further infringing at least claim 1 of the '017 patent, claim 1 of the '239 patent, claim 1 of the '528 patent, claim 9 of the '775 patent, and claim 1 of the '767 patent;

3.     Award Nidec actual damages adequate to compensate for infringement by Defendants (individually and together) pursuant to 35 U.S.C. § 284, in an amount to be

determined at trial, as a result of their infringement of at least claim 1 of the '017 patent, claim 1 of the '239 patent, claim 1 of the '528 patent, claim 9 of the '775 patent, and claim 1 of the '767 patent;

4.    Award Nidec pre- and post-judgment interest on all damages awarded, as well as supplemental damages;

5.    Find this to be an exceptional case under 35 U.S.C. § 285 and award Nidec its costs, expenses, and disbursements, including attorneys' fees; and

6.    Award and grant Nidec such other and further relief as the Court deems just and proper under the circumstances.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel*:                                      *Attorneys for Plaintiff*

Gerald F. Ivey
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

Naoki Yoshida
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome
Minato-ku, Tokyo 105-6033 Japan
+81-3-3431-6943

Benjamin R. Schlesinger
Robert K. High
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400

Jinwoo Kim
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
(650) 849-6600

Dated: January 18, 2021