IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIDEC CORPORATION,<br><br>                Plaintiff;<br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br>SEAGATE SINGAPORE<br>INTERNATIONAL HEADQUARTERS<br>PTE. LTD., and<br>SEAGATE TECHNOLOGY<br>(NETHERLANDS) B.V.,<br><br>                Defendants. | Civil Action No. 21-52-RGA |

MEMORANDUM ORDER

Before me are Defendant Seagate Technology LLC's motion to stay or dismiss this lawsuit and compel arbitration and Plaintiff's motion to enjoin arbitration. (D.I. 13, 20). The matter has been fully briefed. (D.I. 14, 21, 23, 24). For the reasons set forth below, Defendant's motion is GRANTED, and I will stay this case pending arbitration of the arbitrability of the claims in this action.

**I.    BACKGROUND**

In 2013, Nidec and Seagate Technology LLC ("Seagate") entered into an agreement, amended in 2014, with an effective date of May 10, 2013 ("Covenant Agreement"). The Covenant Agreement has an arbitration clause that permits a party to request that any unsettled disputes be resolved in arbitration after "Good Faith Negotiation" within thirty days of the beginning of the dispute. (D.I. 15-1, Ex. 1 at 9 of 18).

Nidec asserts infringement of five patents by Seagate, Seagate Singapore International Headquarters Pte. Ltd., and Seagate Technology (Netherlands) B.V. Nidec served Seagate the day after filing this case. (D.I. 5). The parties discussed but could not reach agreement on waiving service of process for the two foreign entities. Nidec expects to effect service on them soon.

Seagate filed a motion to compel arbitration, asserting the arbitration clause in the Covenant Agreement is relevant to the claims in this case. (D.I. 13). Nidec filed an answer and a motion to enjoin arbitration. (D.I. 20).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Thus, under the FAA, a court should generally resolve doubts as to the scope of an arbitration clause in favor of arbitration. *Id.* at 24-25. The policy favoring arbitration stops short of favoring arbitration of arbitrability. A court should decide that parties agreed to arbitrate arbitrability only if the evidence is clear and unmistakable that they did so. *First Options of Chi, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Puleo v. Chase Bank USA, N.A.,* 605 F.3d 172, 187 (3d Cir. 2010). If a court finds that parties clearly and unmistakably agreed to delegate the decision of arbitrability to the arbitrator, the court must abide by that decision "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 139 S. Ct. 524, 529 (2019).

## III. DISCUSSION

Seagate argues that Section 10.8(b) of the Covenant Agreement requires this Court to delegate to an arbitrator the decision whether the Covenant Agreement applies to the claims in this case. (D.I. 14 at 11).

Nidec argues that this Court must first decide, per the language of Section 10.8(b), whether the claims arise out of or relate to the Covenant Agreement before compelling or enjoining arbitration. (D.I. 21 at 7). Nidec asserts that it only has agreed to resolve disputes in arbitration that first meet this threshold requirement. (*Id.*). Nidec states, "Seagate should not be allowed to compel arbitration simply by declaring *ipse dixit* that any dispute is a dispute arising out of or relating to the Covenant Agreement."[1] (*Id.* at 9).

Section 10.8(b) of the Covenant Agreement between the parties states, in relevant part:

> If the parties are unable to resolve any dispute, controversy or claim arising out of or relating to this Agreement, including the formation, interpretation, breach or termination thereof, whether the dispute, controversy or claim asserted is able to be arbitrated . . . then either party will have the option to request that the dispute be finally determined by arbitration in accordance with the JAMS International Arbitration Rules.

(D.I. 15-1, Ex. 1 at 9 of 18).

"[T]he threshold questions a district court must answer before compelling or enjoining arbitration are these: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement? (2) Does the dispute between those parties fall within the language of the

---

[1] In essence, Nidec is arguing that Seagate's claim is frivolous, and therefore I should decide the issue. But "frivolous" and "wholly groundless" are the same thing, and the Supreme Court has ruled on the issue. The Supreme Court noted that when a party makes a wholly groundless claim to arbitration, the arbitrator might be able to impose "fee-shifting and cost-shifting sanctions." *Henry Schein*, 139 S. Ct. at 531. Presumably, in a patent case at least, I also have the ability down the road to take actions that respond to wholly groundless assertions of arbitrability, such as, for example, pursuant to an "exceptional case" determination.

3

arbitration agreement?" *John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 137 (3d Cir. 1998).

Both parties agree that the Covenant Agreement is a valid agreement. (D.I. 14 at 10; D.I. 15 at ¶ 3; D.I. 21 at 6, 12 (by implication)).

The quoted section of the Covenant Agreement clearly and unmistakably delegates the decision of gateway questions of arbitrability to the arbitrator. Nidec argues that I must first decide whether "this dispute arises out of or relates to the Covenant Agreement." (D.I. 24 at 7). I reject that argument. The question whether the claims "arise[] out of or relate[] to the Covenant Agreement" has been delegated to the arbitrator. The parties agreed to resolve any disputes regarding whether the "claim asserted is able to be arbitrated" in arbitration. Here, there is a dispute between the parties about whether the claims asserted in this case can be arbitrated pursuant to the Covenant Agreement. Therefore, this dispute is within the scope of the arbitration clause and must be delegated to an arbitrator. The Covenant Agreement may be completely irrelevant to the claims in this action. But that is not an issue that I am permitted to resolve per the clear language of the contract. *See Henry Schein,* 139 S. Ct. at 529.

Nidec's argument that the claims fall outside the scope of the Covenant Agreement would require this court to first decide the question of arbitrability. Nidec has a contract with Seagate that necessitates that the answer to this question comes from an arbitrator. The initial question for the arbitrator is a narrow one: do the claims in this action "arise[] out of or relate[] to the Covenant Agreement?" The answer to the question of whether the claims "arise[] out of or relate[] to the Covenant Agreement" is identical to the answer to the question of whether the "claim asserted is able to be arbitrated."

4

Nidec's motion to enjoin arbitration ignores the same express language in the Covenant Agreement. Nidec is not "being forced to arbitrate a matter that it has not agreed to arbitrate," it is being compelled to arbitrate the interpretation of "arise[] out of or relate[] to the Covenant Agreement," which it clearly and unambiguously did agree to arbitrate. The dispute is within the scope of the arbitration clause of the Covenant Agreement. I am not permitted to choose whether to grant or deny the motion to enjoin arbitration because it would first require me to decide the arbitrability of the claims in this action as they relate to the Covenant Agreement. Thus, I am required to stay or dismiss this claim in favor of arbitration of the arbitrability of the claims in this action.

"[I]f it is apparent on the face of the complaint and the documents relied upon therein that the plaintiff's claims are subject to an enforceable arbitration clause," this Court may dismiss the claims pursuant to Rule 12(b)(6). *Sanum Inv. Ltd. v. San Marco Cap. Partners,* 263 F. Supp. 3d 491, 494 (D. Del. 2017). Here, it is not apparent on the face of the Complaint or the Covenant Agreement that the claims in this case are subject to arbitration. Without analyzing the merits of the question of arbitrability, it is an unresolved question whether the Seagate products at issue in this case are covered by the Covenant Agreement. (D.I. 21 at 5–6; D.I. 23 at 7–9). Thus, this case will not be dismissed pursuant to Rule 12(b)(6).

Seagate's request for a Rule 12(b)(1) dismissal would also require me to assess the arbitrability of the claims. *See Kelly v. MBNA Am. Bank,* 2007 WL 1830892, at *5 (D. Del. June 25, 2007) (finding that Rule 12(b)(1) dismissal is appropriate "when all issues raised in the action are arbitrable"). I am not permitted to do that. Therefore, I will stay the case pending at least the arbitrator's resolution of the issue of arbitrability of the claims.

## IV. CONCLUSION

For the reasons set forth above, Defendant Seagate's motion to stay or dismiss this lawsuit and compel arbitration (D.I. 13) is **GRANTED** and Plaintiff's motion to enjoin arbitration (D.I. 20) is **DENIED**. The case is **STAYED**. The case will be administratively closed. The parties are to promptly advise when the arbitration is concluded or in six months, whichever occurs first.

IT IS SO ORDERED.

Entered this 20 day of July, 2021.

*Richard G. Andrews*
United States District Judge

6